**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

RECEIVED

JAN 27 2010

AT 8:30
WILLIAM T. WALSH
CLERK

--------------------------------------------x
:
IN RE LUCENT TECHNOLOGIES INC.    :   Case No. 00-CV-621 (JAP)
SECURITIES LITIGATION           :
:
:
--------------------------------------------x

## ORDER APPROVING FINAL DISTRIBUTION PLAN
## FOR REMAINING SETTLEMENT PROCEEDS

**WHEREAS**, the parties to the above-captioned action (the "Action") entered into a Stipulation and Agreement of Settlement dated as of September 22, 2003 (the "Stipulation") and an Agreement re: Global Settlement of Lucent Litigations, dated September 19, 2003 (the "Cover Agreement") which provided for a settlement of this Action and six other litigations involving Lucent Technologies Inc. ("Lucent"); and

**WHEREAS**, on December 15, 2003, this Court entered an Order and Final Judgment approving the terms of the Stipulation for the settlement of this Action on behalf of a class consisting of all persons or entities who purchased Lucent common stock during the period beginning on October 26, 1999 through and including December 20, 2000 and who were damaged thereby (the "Class"); and

**WHEREAS**, the December 15, 2003 Order and Final Judgment also approved the Plan of Allocation for distributing the proceeds of the settlement to Class Members who submitted acceptable Proofs of Claim ("Claims"); and

**WHEREAS**, pursuant to the Stipulation and with this Court's approval, Plaintiffs' Co-Lead Counsel retained The Garden City Group, Inc. ("GCG"), a Melville, New York firm specializing in the administration of class action settlements, to act as Claims Administrator; and

1

**WHEREAS,** pursuant to the Stipulation and Cover Agreement, the settlement consideration was paid into Settlement Fund escrow accounts, including: $102.9 million in insurance cash; $215 million in cash from Lucent; $31.75 million of Lucent common stock; $24 million of Avaya common stock; and $5 million of Notice and Administration Costs have been paid by Lucent on behalf of the Action; and 200 million warrants to buy Lucent common stock (the "Warrants") were issued and delivered by Lucent; and

**WHEREAS,** this Court has directed the parties to consummate the terms of the Stipulation; and

**WHEREAS,** the Effective Date of the Stipulation and Cover Agreement have occurred and the settlement's approval is Final; and

**WHEREAS,** pursuant to an Order Re: Distribution of Class Settlement Fund dated November 8, 2004 (the "Initial Distribution Order"), cash distributions were made from the Net Settlement Fund to Authorized Claimants in December 2004 and May 2005 (the "Initial Distributions") and a reserve was established to pay any Disputed Claims and other Claims that had not been fully adjudicated at the time of the Initial Distributions (the "Reserve Fund"); and

**WHEREAS,** in accordance with an Order of this Court dated February 17, 2005, Plaintiffs' Co-Lead Counsel were authorized to combine certain funds (the "SEC Distribution Fund") that the United States Securities and Exchange Commission (the "SEC") recovered in its action against Lucent and certain other individuals, in an action entitled *Securities and Exchange Commission v. Lucent Technologies, Inc. et al.*, Civil Action No. 04 cv 2315 (WHW)(D.N.J.), together with the Net Settlement Fund (collectively, the "Combined Distribution Fund") and to distribute the Combined Distribution Fund to Authorized Claimants; and

**WHEREAS,** as detailed in the Affidavit of Shandarese Garr in Support of Motion for Approval of Final Distribution Plan for Remaining Settlement Proceeds, dated January 15, 2010 (the "Garr Affidavit"), the Claims Administrator has distributed the majority of the Combined Distribution Fund to Authorized Claimants;

**WHEREAS,** as detailed in the Garr Affidavit, the Claims Administrator has continued to review and process inquiries and responses from Claimants, and has identified certain issues that affect the Recognized Claim amount for 156 claims (the "Adjusted Claims"), and the Claims Administrator has now adjusted the Recognized Claim amounts for the Adjusted Claims; and

**WHEREAS,** 5 of the Adjusted Claims were on the list of previously accepted Claimants approved by the Court and have already received a distribution and are now eligible for additional funds, while 151 of the Adjusted Claims which are now eligible to receive funds have not yet received any distribution because they were on the ineligible or rejected list previously submitted to and approved by the Court; and

**WHEREAS,** as detailed in the Garr Affidavit, although the majority of the Warrants were distributed on or around the Warrant Distribution Date of December 20, 2004, the Claims Administrator has identified a number of Authorized Claimants who, for various reasons, did not receive the Warrants to which they were otherwise entitled; and

**WHEREAS,** as detailed in the Garr Affidavit, the unpaid fees and expenses incurred by GCG in connection with the administration of the Settlement from September 16, 2005 through December 15, 2009 total $881,226.92, and the unpaid anticipated fees and expenses incurred by GCG in connection with the continued administration of the Settlement and the distribution of the remaining settlement proceeds as proposed by Plaintiffs' Co-Lead Counsel are estimated to be $498,776.63; and

**WHEREAS**, as detailed in the Garr Affidavit, as of November 30, 2009, there remains approximately $33.8 million in the Net Settlement Fund and the Reserve Fund (combined) that has not yet been distributed to Authorized Claimants; and

**WHEREAS**, the Plan of Allocation previously approved by the Court provides that "[i]f any funds remain in the Net Settlement Fund by reason of un-cashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any cash balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed after payment from this balance of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution to Class Members and who would receive at least $10.00 from such redistribution"; and

**WHEREAS**, as detailed in the Garr Affidavit, the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks;

**WHEREAS**, the Plan of Allocation previously approved by the Court provides that "[i]f, after six months of any such re-distribution any funds remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s) designated by Plaintiffs' Co-Lead Counsel"; and

**WHEREAS**, Plaintiffs' Co-Lead Counsel have moved this Court for an Order:

(i) approving the Claims Administrator's administrative determinations with regard to the Adjusted Claims and authorizing the payment of cash from the Reserve Fund to the Adjusted Claims, as listed in Exhibit B to the Garr Affidavit;

4

(ii) authorizing the payment of cash from the Reserve Fund to certain Authorized Claimants in the amount of $1.62 per Warrant in lieu of the Warrants to which those Authorized Claimants were otherwise entitled and the payment of interest in the amount of 2.34% *per annum* on their Distribution Amounts (which interest is equal to the approximate amount that was earned by the cash in the Reserve Fund (net of taxes payable on such interest) for the period between the Warrant Distribution Date of December 20, 2004 and November 30, 2009), so as to put these Claimants on an equal footing with the Authorized Claimants who received the Warrants to which they were entitled on or around the Warrant Distribution Date, as set forth in Exhibit C to the Garr Affidavit;

(iii) authorizing the payment of $1,380,003.55 from the Reserve Fund to the Claims Administrator for its fees and expenses incurred from September 16, 2005 to December 15, 2009 and to be incurred in connection with the continued administration of the Settlement and the distribution and redistribution of the Net Settlement Proceeds as proposed by Plaintiffs' Co-Lead Counsel;

(iv) authorizing the redistribution of all amounts remaining in the Net Settlement Fund and the Reserve Fund (the "Redistribution") to those Authorized Claimants either who cashed their previous distributions or who are receiving a payment as described in item (i) above, and who would be entitled to receive at least $10.00 in the Redistribution, in amounts representing each such Authorized Claimant's *pro rata* share of the amounts remaining in the Net Settlement Fund and the Reserve Fund after the payments set forth in items (i) - (iii) above;

(v) providing that, if after at least six months following the Redistribution set forth in item (iv) above (or, if there is a Supplemental Redistribution as set forth in this item, then six months after such Supplemental Redistribution), there still remains at least $100,000 in

5

Settlement proceeds in the Net Settlement Fund and the Reserve Fund combined, then authorizing a further *pro rata* redistribution (a "Supplemental Redistribution") of such remaining amounts, after deducting and paying to the Claims Administrator, without further order of the Court, the reasonable costs of continued administration of the Settlement incurred after the Redistribution, to those Authorized Claimants who cash their payments from the Redistribution set forth in item (iv) above, and who would be entitled to receive at least $10.00 in such Supplemental Redistribution;

(vi) providing that, if six months after the Redistribution set forth in item (iv) above (or if there is a Supplemental Redistribution as set forth in item (v) above, then six months after such Supplemental Redistribution), there remains *less than* $100,000 in Settlement proceeds in the Net Settlement Fund and the Reserve Fund combined, authorizing the donation of any amounts remaining unclaimed in the Net Settlement Fund and the Reserve Fund, less any amounts attributable to the SEC Distribution Fund (determined based on the proportion of the SEC Distribution Fund which was added to the Net Settlement Fund pursuant to this Court's February 17, 2005 Order, *i.e.*, 10.52%), as set forth in the Plan of Allocation, to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Co-Lead Counsel, and the return of any amounts remaining unclaimed in the Net Settlement Fund and the Reserve Fund attributable to the SEC Distribution Fund to the SEC for disposition; and

(vii) for such other and further relief as this Court deems appropriate; and

**WHEREAS**, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Claims and the distribution of the Settlement Fund including the Reserve Fund to the Authorized Claimants.

6

**NOW, THEREFORE**, upon reading and filing Plaintiffs' Motion, the accompanying memorandum in support thereof, and the Garr Affidavit, and upon all prior proceedings heretofore had herein and after due deliberation, it is hereby

**ORDERED**, as   item (1), that the administrative determinations of the Claims Administrator regarding the Adjusted Claims as indicated on the file of Adjusted Claims submitted with and described in the Garr Affidavit be, and the same hereby are, approved (this Order modifies the Court's Distribution Order by approving additional payments to certain previously approved Authorized Claimants, and by accepting certain Adjusted Claims which previously had no Recognized Claim and were therefore rejected in the Distribution Order), and said Adjusted Claims are hereby accepted and the Adjusted Claimants shall be paid from the Reserve Fund amounts determined for each such Adjusted Claimant as set forth on the file submitted as Exhibit B to the Garr Affidavit so as to put him, her or it on an equal footing for the amounts previously paid to the Authorized Claimants; and it is further

**ORDERED**, as item (2), that the Claims Administrator shall make distributions from the Reserve Fund to those Authorized Claimants indicated on the file submitted as Exhibit C to the Garr Affidavit in the amounts set forth on that file, in cash, in the amount of $1.62 per Warrant in lieu of the Warrants to which those Authorized Claimants were otherwise entitled, along with interest in the amount of 2.34% *per annum* on their Distribution Amounts (which interest is equal to the approximate amount that was earned by the cash in the Reserve Fund (net of taxes payable on such interest) for the period between the Warrant Distribution Date of December 20, 2004 and November 30, 2009), so as to put these Claimants on an equal footing with the Authorized Claimants who received the Warrants to which they were entitled on or around the Warrant Distribution Date; and it is further

**ORDERED**, as item (3), that GCG be paid the sum of $ 1,380,003.55 from the Reserve Fund in connection with the administration of the Settlement from September 16, 2005 to December 15, 2009 and in connection with the continued administration of the Settlement and the distribution and redistribution of the Net Settlement Proceeds as proposed by Plaintiffs; and it is further

**ORDERED**, as item (4), that the Claims Administrator shall make distributions of the total amount remaining in the Net Settlement Fund and the Reserve Fund combined (the "Redistribution") to those Authorized Claimants either who cashed their previous distributions or who are receiving a payment as described in item (1) above, and who would be entitled to receive at least $10.00 in the Redistribution, in amounts representing each such Authorized Claimant's *pro rata* share of the amounts remaining in the Net Settlement Fund and the Reserve Fund after the payments set forth in items (1)-(3) above; and it is further

**ORDERED**, as item (5), that, if after at least six months following the Redistribution set forth in item (4) above (or, if there is a Supplemental Redistribution as set forth in this item, then six months after such Supplemental Redistribution), there still remains at least $100,000 in Settlement proceeds in the Net Settlement Fund and the Reserve Fund combined, the Claims Administrator shall make a further *pro rata* redistribution (a "Supplemental Redistribution") of such remaining amounts, after deducting and paying to the Claims Administrator, without further order of the Court, the reasonable costs of continued administration of the Settlement incurred after the Redistribution, to those Authorized Claimants who cash their payments from the Redistribution set forth in item (4) above, and who would be entitled to receive at least $10.00 in that Supplemental Redistribution; and it is further

**ORDERED**, that, if six months after the Redistribution set forth in item (4) above (or if there is a Supplemental Redistribution as set forth in item (5) above, then six months after such Supplemental Redistribution), there remains *less than* $100,000 in Settlement proceeds in the Net Settlement Fund and the Reserve Fund combined, Plaintiffs' Co-Lead Counsel shall donate any amounts remaining unclaimed in the Net Settlement Fund and the Reserve Fund, less the 10.52% attributable to the SEC Distribution Fund, to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Co-Lead Counsel, and Plaintiffs' Co-Lead Counsel shall return any amounts remaining unclaimed in the Net Settlement Fund and the Reserve Fund attributable to the SEC Distribution Fund to the SEC for disposition; and it is further

**ORDERED**, that the bank drafts for all distributions made pursuant to this Order shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiffs' Co-Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and or contact any distributee pursuant to this Order who has not cashed his, her or its cash distribution within said time; and it is further

**ORDERED**, that jurisdiction is retained to consider any further applications concerning the administration of the Settlement; and it is further

**ORDERED**, that the Claims Administrator is hereby authorized to discard paper or hard copies of the Proof of Claim forms and supporting documents for the distributees pursuant to this Order not less than one year after the last distribution made pursuant to this Order, and electronic or magnetic media data not less than three years after said distribution; and it is further

**ORDERED**, that this Court retain jurisdiction over any further application or matter which may arise in connection with this action.

Dated:        Trenton, New Jersey

Jan. 26 , 2010

9

**BY THE COURT:**

_____
Honorable Joel A. Pisano
United States District Judge