UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------x
:
IN RE LUCENT TECHNOLOGIES INC.           :   Case No. 00-CV-621 (JAP)
SECURITIES LITIGATION                    :
:
:
---------------------------------------------------------x

**MOTION FOR APPROVAL OF FINAL DISTRIBUTION PLAN
FOR REMAINING SETTLEMENT PROCEEDS**

**PLEASE TAKE NOTICE**, that, upon the annexed affidavit of Shandarese Garr of the Claims Administrator, The Garden City Group, Inc. ("GCG") attached hereto as Exhibit 1 (the "Garr Affidavit,"), the accompanying memorandum, and all prior proceedings herein, the undersigned hereby move this Court for an Order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure:

(i) approving the Claims Administrator's administrative determinations with regard to the Adjusted Claims, as listed in Exhibit B to the Garr Affidavit;

(ii) authorizing the payment of cash from the Reserve Fund to the Adjusted Claims, as listed in Exhibit B to the Garr Affidavit;

(iii) authorizing the payment of cash from the Reserve Fund to certain Authorized Claimants in the amount of $1.62 per Warrant in lieu of the Warrants to which those Authorized Claimants were otherwise entitled and the payment of interest in the amount of 2.34% *per annum* on their Distribution Amounts (which interest is equal to the approximate amount that was earned by the cash in the Reserve Fund (net of taxes payable on such interest) for the period between the Warrant Distribution Date of December 20, 2004 and November 30, 2009), so as to put these Claimants on an equal footing with the Authorized Claimants who received the

Warrants to which they were entitled on or around the Warrant Distribution Date, as set forth in Exhibit C to the Garr Affidavit;

(iv) authorizing the payment of $1,380,003.55 from the Reserve Fund to the Claims Administrator for its fees and expenses incurred from September 16, 2005 to December 15, 2009 and to be incurred in connection with the continued administration of the Settlement and the distribution and redistribution of the Net Settlement Proceeds as proposed herein;

(v) authorizing the redistribution of all amounts remaining in the Net Settlement Fund and the Reserve Fund (the "Redistribution") to those Authorized Claimants either who cashed their previous distributions or who are receiving a payment as described in item (ii) above, and who would be entitled to receive at least $10.00 in the Redistribution, in amounts representing each such Authorized Claimant's *pro rata* share of the amounts remaining in the Net Settlement Fund and the Reserve Fund after the payments set forth in items (ii) - (iv) above;

(vi) providing that, if after at least six months following the Redistribution set forth in item (v) above (or, if there is a Supplemental Redistribution as set forth in this item, then six months after such Supplemental Redistribution), there still remains at least $100,000 in Settlement proceeds in the Net Settlement Fund and the Reserve Fund combined, then authorizing a further *pro rata* redistribution (the "Supplemental Redistribution") of such remaining amounts, after deducting and paying to the Claims Administrator, without further order of the Court, the reasonable costs of continued administration of the Settlement incurred after the Redistribution, to those Authorized Claimants who cash their payments from the Redistribution set forth in item (v) above, and who would be entitled to receive at least $10.00 in such Supplemental Redistribution;

(vii) providing that, if six months after the Redistribution set forth in item (v) above (or if there is a Supplemental Redistribution as set forth in item (vi) above, then six months after such Supplemental Redistribution), there remains *less than* $100,000 in Settlement proceeds in the Net Settlement Fund and the Reserve Fund combined, authorizing the donation of any amounts remaining unclaimed in the Net Settlement Fund and the Reserve Fund, less any amounts attributable to the SEC Distribution Fund (determined based on the proportion of the SEC Distribution Fund which was added to the Net Settlement Fund pursuant to the Court's February 17, 2005 Order, *i.e.*, 10.52%), as set forth in the Plan of Allocation, to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Co-Lead Counsel, and the return of any amounts remaining unclaimed in the Net Settlement Fund and the Reserve Fund attributable to the SEC Distribution Fund to the SEC for distribution; and

(viii) for such other and further relief as this Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that the Court enter the proposed Order Re: Redistribution of Remaining Settlement Proceeds attached hereto as Exhibit 2.

Dated: January 21, 2010

**MILBERG LLP**

By: /s/ Jerome Congress

Jerome M. Congress
George A. Bauer III
Matthew A. Kupillas
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

**and**

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

Steven B. Singer
Rochelle Feder Hansen
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

**Plaintiffs' Co-Lead Counsel**

TO:    Paul C. Saunders, Esq.
Daniel Slifkin, Esq.
Michael A. Paskin, Esq.
**CRAVATH, SWAINE & MOORE LLP**
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

- and -

John H. Schmidt, Jr., Esq.
John F. Goemaat, Esq.
**LINDABURY, McCORMICK & ESTABROOK, P.A.**
53 Cardinal Drive
P.O. Box 2369
Westfield, New Jersey 07091
Telephone: (908) 233-6800
Facsimile: (908) 233-5078

**Attorneys for Defendants Lucent Technologies, Inc., Richard A. McGinn, Donald K. Peterson and Deborah C. Hopkins**

491159v4